IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT L. PALMER AND PHILLIP M. KELLY, AS CHAPTER 7 BANKRUPTCY TRUSTEE IN THE MATTER OF ROBERT L. PALMER AND PHILLIP M. KELLY,

        Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

CASE NO. 8:23-cv-00252

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

## I.
## INTRODUCTION

Defendant, Union Pacific Railroad Company ("Union Pacific"), brings this motion to dismiss the Complaint filed by Plaintiff, Robert Palmer ("Palmer") pursuant to Fed. R. Civ. P. 12(b)(6) because it is untimely. Palmer alleges that in February 2014, Union Pacific imposed work restrictions that disqualified him from continuing to work in his job for the railroad and that as of December 29, 2014, Union Pacific confirmed those restrictions, after refusing to return him to his job or transfer him to another position. However, Palmer did not file his administrative complaint until April 24, 2020, well more than 300 days after the latest possible alleged discriminatory act by Union Pacific. Therefore, his ADA claims are untimely and should be dismissed with prejudice.

## II.
## FACTUAL ALLEGATIONS

Palmer worked as a Trainman/Conductor for Union Pacific. (ECF 1 at ¶ 38). In November 2013, Palmer alleges he was removed from work pending a Fitness-for-Duty determination after he had reported blurred vision to a co-worker. (ECF at ¶¶ 41–42). Palmer alleges that he received regular injections in his left eye to manage his diabetic retinopathy and regularly had his vision

1

checked. (ECF 1 at ¶¶ 43–44). Palmer alleges that "despite being qualified for his position and capable of performing its essential functions with or without reasonable accommodations," he received from Union Pacific in February 2014 "standardized permanent work restrictions … that disqualified him from continuing to work." (ECF 1 at ¶ 45). He alleges that thereafter, he asked to bid on other positions, but Union Pacific "refused to return [him] to work as a Conductor or Train Crew member and refused to transfer him to another position." (ECF 1 at ¶ 452) Palmer alleges that in a memorandum dated December 29, 2014, Union Pacific's Chief Medical Officer then "confirmed" Palmer's work restrictions and "also stated that he would not consider any additional information from Palmer's treating physicians regarding the stability or prognosis of his eye condition." (ECF 1 at ¶¶ 53). According to Palmer's Complaint, in or around April 2016, he "again requested that Union Pacific reconsider its decision to impose permanent work restrictions on him" and that Union Pacific again informed him it would not reconsider. (ECF 1 at ¶¶ 54–55). He alleges that [i]n the time since it imposed permanent work restrictions on Palmer, Union Pacific has persisted in its refusal to allow Palmer to return to work as a Conductor or in any other position." (ECF 1 at ¶ 60). Finally, Palmer alleges to have filed a charge of discrimination with the EEOC on April 24, 2020. (ECF 1 at ¶ 68).

Palmer asserts two ADA claims: a disparate treatment claim pursuant to 42 U.S.C. § 12112(a) and a "disparate treatment" claim pursuant to 42 U.S.C. § 12112(b)(6). (ECF 1 at ¶¶ 22-25). Palmer does not assert a failure to provide reasonable accommodation claim or an ADA disparate impact claim.

### III.
### STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Richardson v. Omaha Sch. Dist.*, 957

2

F.3d 869, 873 (8th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "there is no rigid standard for discrimination cases" the complaint "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cook v. George's, Inc.*, 952 F.3d 935, 938-39 (8th Cir. 2020) (citations omitted). "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Id.* (quoting *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018)).

## IV.
## LEGAL ARGUMENT

### A. Palmer's Complaint Is Time-Barred

"Under the ADA, an employee must file a charge of discrimination … within 300 days of the alleged discrimination." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005) (citing 42 U.S.C. § 12117 (applying the 300–day statute of limitations listed in 42 U.S.C.2000e–5(e) to ADA claims)). ADA claims "accrue the date on which the adverse employment action is communicated to the employee." *Id.* (citing *Del. State Coll. v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Turner v. IDS Fin. Servs.,* 471 N.W.2d 105, 108 (Minn.1991)). If a charge of discrimination is not timely filed with the EEOC, the EEOC's right-to-sue letter is invalid as the basis for the limitations period. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 489 (8th Cir. 2002).

Palmer alleges that Union Pacific discriminated against him under the ADA by withholding him from his job. He alleges Union Pacific imposed work restrictions in February 2014 that disqualified him from continuing to work in his job. That is the date of the alleged adverse action and the date on which the 300-day limitations period began. However, reading the Complaint in a light most favorable to Palmer, the latest possible date that the limitations period could have begun

3

is December 29, 2014—the date on which Palmer alleges that Union Pacific's Chief Medical Officer, Dr. Holland "confirmed" Palmer's permanent work restrictions in a memorandum and "stated he would not consider any additional information from Palmer's treating physician." (ECF 1 at ¶ 53). Therefore, Palmer had 300 days from December 29, 2014—or until October 25, 2015—to file his EEOC charge. Even if the *Harris* class action would have tolled the statute of limitations for Palmer's claims (which Union Pacific does not concede), it was not filed until February 19, 2016—171 days too late. (ECF 1 at ¶ 65) Thus, Palmer's charge filed on April 24, 2020 was not timely, as Palmer alleges. (ECF 1 at ¶ 68).

In support of his allegations that the *Harris* class action tolled his statute of limitations, making his charge timely, Palmer appears to suggest that the 300 days accrued as of the date of his request "in or around April 2016" that Union Pacific "reconsider its decision to impose permanent work restrictions on him." (ECF 1 at ¶ 54). The response to that request, Palmer alleges, was a letter from Dr. Holland "reaffirming" the decision. (ECF 1 at ¶ 57). "Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261, 101 S. Ct. 498, 506, 66 L. Ed. 2d 431 (1980); *see also, Smithson v. Union Pac. R.R. Co.,* 602 F. Supp. 3d 974, 982 (W.D. Tex. 2022) ("[A]n employer standing by a prior denial after an employee requests reconsideration neither constitutes a discrete act nor extends the filing period.") (quoting *Das v. Am. Airlines, Inc.*, No. 4:19-CV-870-A, 2020 WL 364264, at *3 (N.D. Tex. Jan. 21, 2020). Thus, Palmer's request for reconsideration in 2016 of Union Pacific's allegedly discriminatory decision made in 2014 does not save his untimely claims. His claim accrued no later than December 29, 2014, and his statute of limitations had therefore already expired by the time the *Harris* class action was filed.

4

Palmer's failure to timely file his EEOC charge within 300 days is fatal to his claims. Dismissal of his complaint is warranted, and Union Pacific is entitled to judgment as a matter of law.

## V.
## CONCLUSION

Palmer's ADA claims are untimely because he failed to file his EEOC administrative charge within 300 days of the alleged discriminatory act. Union Pacific therefore respectfully requests that the Court grant its motion to dismiss Palmer's claims with prejudice and grant any further relief the Court deems appropriate.

Dated this 3rd day of July 2023

UNION PACIFIC RAILROAD COMPANY,
Defendant,

By:  /s/ Allison D. Balus
Scott Parrish Moore (NE# 20752)
Allison D. Balus (NE# 23270)
of  BAIRD HOLM LLP
1700 Farnam St. Ste. 1500
Omaha, NE 68102-2068
Phone: 402-344-0500
Email: abalus@bairdholm.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with NECivR 7.1(d)(3) and that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2016 and contains 1,461 words.

/s/ Allison D. Balus

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> James H. Kaster
> Lucas J. Kaster
> Jacob C. Harksen

/s/ Allison D. Balus
Attorney for Defendant

DOCS/2997933.1