IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Robert L. Palmer and Phillip M. Kelly, as Chapter 7 Bankruptcy Trustee in the Matter of Robert L. Palmer and Tamara C. Palmer,<br><br>Plaintiffs,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>Defendant. | Case No. 8:23-cv-00252-BCB-SMB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

## **INTRODUCTION**

The motion to dismiss at issue fails to properly consider the effect of class action tolling under clear United States Supreme Court precedent. In *American Pipe & Construction Company v. Utah*, the U.S. Supreme Court held that "[t]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974); *see also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983). Here, Plaintiff Robert Palmer pled that he was a class member of the now-decertified *Harris v. Union Pacific* class action, and, as a result, his claims were tolled and he timely filed his charge of discrimination. (ECF No. 1 ¶¶ 66-68.)

Per the First Amended Complaint in *Harris*, the effective date for tolling was 300 days before the date the earliest named plaintiff's charge including class claims was filed, or **September 18, 2014**. Defendant's motion concedes that construing the complaint in the light most favorable to Palmer, which must be done on a motion to dismiss, the date Palmer's claims accrued was **December 29, 2014**. (*See* ECF No. 7 at 3-4.) Palmer's claims, therefore, were tolled under

*American Pipe*, and his charge of discrimination was timely. Union Pacific's motion to dismiss should be denied.

## RELEVANT FACTS

**A.   Union Pacific Removes Palmer from Service on the Basis of Disability.**

Palmer is a long-time employee of Union Pacific who was removed from service for a Fitness-For-Duty evaluation in November of 2013. (ECF No. 1, "Compl.," ¶¶ 37–38, 41, 60.) Throughout his employment, Palmer worked as a trainman, brakeman, and conductor in North Platte, Nebraska. (*Id.* ¶¶ 37-38, 41.) Palmer worked ably and safely without incident for approximately fifteen years. (*Id.* ¶¶ 37-38, 41-42.)

In September 2011, Palmer had eye surgery to treat blurred vision in his right eye resulting from his diabetic retinopathy—a complication of his diabetes. (*Id.* ¶ 40.) Palmer had disclosed his diabetes when he was hired by Union Pacific but developed the vision issue later. (*Id.* ¶¶ 39-40.) The surgery was successful, and Palmer returned to work for two years without issue. (*Id.* ¶¶ 40-41.) In or around November 2013, Palmer developed similar vision issues in his left eye, and he began a course of treatment to solve the issue. (*Id.* ¶¶ 41-44.) Following the treatment, Palmer's vision improved, and his doctor cleared him to return to work without restrictions. (*Id.* ¶¶ 44, 51.)

Union Pacific, however, removed Palmer from service and subjected him to a Fitness-For-Duty review. (*Id.* ¶¶ 42, 45-53.) Following the review, Union Pacific issued Palmer work restrictions that prevented him from returning to his job. (*Id.*) Palmer, however, tried to work with Union Pacific to return to his position. (*Id.*) Finally, in a memorandum dated December 29, 2014, Union Pacific's then-Chief Medical Officer, Dr. John Holland, confirmed Palmer's restrictions and stated that he would not consider any additional information from Palmer's treating physicians

regarding the stability or prognosis of his eye condition. (*Id.* ¶ 53.) Palmer continued to try to return to his position with Union Pacific, but to no avail. (*Id.* ¶¶ 54-64.)

B.  **Palmer Was a Class Member in the Now-Decertified *Harris* Class Action and His Claims Were Tolled During the Pendency of the Class Action.**

In February 2016, several Union Pacific employees commenced a class-action disability discrimination lawsuit against Union Pacific, titled *Quinton Harris et al. v. Union Pacific Railroad Company*, Case No. 8:16-cv-381 (D. Neb.). (Compl. ¶¶ 2, 65.) The lawsuit alleged that Union Pacific's Fitness-for-Duty policies and practices constituted a pattern or practice of discrimination under the ADA. (*Id.* ¶ 2.)

On February 19, 2016, the *Harris* named plaintiffs filed a first amended complaint, individually and on behalf of all those similarly situated. (Declaration of Lucas J. Kaster, Ex. 1.)[1] In their first amended complaint, the *Harris* plaintiffs defined the class they sought to represent as including:

> Individuals who were removed from service over their objection, and/or suffered another adverse employment action, during their employment with Union Pacific for reasons related to a Fitness-for-Duty evaluation at any time **from 300 days before the earliest date that a named Plaintiff filed an administrative charge of discrimination to the resolution of this action**.

(*Id.* ¶ 116. (emphasis added.)) The *Harris* plaintiffs later moved for class certification specifying that the class began on September 18, 2014. (*See* Ex. 2 at 22.)

---

[1] Matters outside the pleadings must not be considered in deciding a motion to dismiss under Fed. R. Civ. P. 12., but materials embraced by the complaint may be considered without converting the motion into one for summary judgment. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Materials embraced by the complaint include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case[.]" *Id.* at 526 (citation omitted). The parties' briefing filed in the underlying *Harris* case falls within these categories of documents. Therefore, the exhibits attached to the Declaration of Lucas J. Kaster are properly referenced herein.

Palmer is a victim of the same discriminatory Fitness-for-Duty policies and practices alleged in *Harris*, and as a result, was a class member in the previous *Harris* litigation. (Compl. ¶¶ 3, 66.) Consistent with *Harris*, Palmer asserts disparate treatment claims under 42 U.S.C. §§ 12112(a) and (b)(6) in his complaint.[2] (*Id.* ¶¶ 69–82.)

On March 24, 2020, the Eighth Circuit Court of Appeals decertified the *Harris* certified class. (*Id.* ¶ 67.) Because Palmer was a class member in the *Harris* case, his claims were tolled during the pendency of class-wide claims, pursuant to the Supreme Court's ruling in *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983). (*Id.* ¶ 66.) Shortly after the Eighth Circuit issued its order reversing class certification, the parties entered into a tolling agreement, extending the statute of limitations for Palmer and other class members' claims by an additional sixty days. (*Id.* ¶ 68.) Accordingly, Palmer had three hundred and sixty (360) days from the date of the Eighth Circuit's order to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 68.) Palmer filed his charge of discrimination on April 24, 2020. (*Id.*)

## ARGUMENT

### I. LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). The factual allegations need not be detailed, just sufficient to "raise a right to relief above the

---

[2] Defendant correctly points out that Palmer did not include a separate failure to accommodate claim in his Complaint; however, accommodations remain relevant to the claims and defenses asserted by the parties. *See, e.g., Meza v. Union Pacific R.R. Co.*, No. 8:22-cv-00102-RFR-SMB (D. Neb. June 28, 2023), ECF No. 109 (permitting accommodations-related discovery without a stand-alone failure to accommodate claim).

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In other words, a complaint need only "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008). The court may not consider matters that contradict the complaint or draw inferences from the record against the plaintiff. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 955 (8th Cir. 2020). A motion to dismiss based on a statute of limitations defense may only be granted if, after accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint "itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015).

## II. PALMER'S COMPLAINT IS TIMELY.

In his Complaint, Palmer alleges that he was a class member in the previous *Harris* litigation, and he pleads the same disparate treatment claims that the *Harris* named plaintiffs pled on behalf of the class in their First Amended Complaint. (Compl. ¶¶ 3, 66, 69–82; *see also* Ex. 1 ¶ 116.) In the context of a motion to dismiss, these allegations must be accepted as true. *Gorog,* 760 F.3d at 792. Moreover, in their motion, Union Pacific admits that Palmer's claims can be construed to have accrued on December 29, 2014, when Union Pacific's then-Chief Medical Officer, Dr. Holland, confirmed Palmer's work restrictions. (ECF No. 7 at 4.) The December 29, 2014, accrual date falls directly within the class definition in the *Harris* First Amended Complaint

and the *Harris* plaintiffs' motion for class certification. (*See* Ex. 1 ¶ 116; Ex. 2 at 22.) Therefore, Palmer's claims were tolled until class certification was denied on March 24, 2020, and he timely filed his charge of discrimination on April 24, 2020. (Compl. ¶¶ 67-68.)

Instead of following the principles of class action tolling, Union Pacific argues that the proper way to (mis)calculate when Palmer should have filed his charge of discrimination is to add 300 days to December 29, 2014, resulting in a filing deadline of October 25, 2015. (ECF No. 7 at 4.) Relatedly, Union Pacific incorrectly claims that even if the *Harris* class action tolled the statute of limitations for Palmer's claims, the class action itself was not filed until February 19, 2016— which they say is "171 days too late and thus his charge is untimely."[3] (*Id.*)

These calculations have no bearing here, as they ignore the *Harris* class action and equitable tolling under *American Pipe*. Under the bedrock principles of *American Pipe* and *Crown, Cork*, Palmer's claims, as defined by the class definition in the operative complaint, were tolled during the pendency of the *Harris* class action until the Eighth Circuit reversed certification on March 24, 2020. (*See id.* ¶¶ 66-68.) Courts look to the definition of the class in the operative complaint, not the date when the class action was filed. *See*, *e.g., Goeldner v. Union Pacific Railroad Company*, No. 4:19-CV-00692-NKL, 2020 WL 1148584, at *3 (W.D. Mo. Mar. 9, 2020). As stated by the U.S. Supreme Court in *American Pipe*, "the commencement of a class action suspends the applicable statute of limitations **as to all asserted members of the class** who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554 (emphasis added). For the last half-century, that rule has meant that, for every putative class member, the limitations period remains tolled until and unless "class certification is denied"—at which point "class members may" either "choose to file their own suits," or decide "to intervene

---

[3] Union Pacific does not dispute that Palmer was a class member in *Harris*. (*See* ECF No. 7.)

as plaintiffs in the pending action." *Crown, Cork*, 462 U.S. at 354. Palmer filed his charge of discrimination just thirty-one days after the Eighth Circuit reversed certification, well within the 360 days Palmer and other class members had in which to file their charges of discrimination.[4] (See *Id.* ¶¶ 67-68.)

In addition, "the timely filing of an administrative charge by a named plaintiff in a class action satisfies the charge filing obligation of all members of the class." *Beckmann v. CBS, Inc.*, 192 F.R.D. 608, 616 (D. Minn. 2000) (citing *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1056 (2d Cir.1990), cert. denied, 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991)). As such, "[t]he class membership period will thus commence **300 days prior to the earliest charge filed relevant to a particular class claim**." *Beckmann v. CBS, Inc.*, 192 F.R.D. 608, 616 (D. Minn. 2000) (citing *Binion v. Metropolitan Pier & Exposition Auth.*, 163 F.R.D. 517, 526 (N.D.Ill.1995)) (emphasis added); *see also Clayborne v. Omaha Pub. Power Dist.*, 211 F.R.D. 573, 588-89 (D. Neb. 2002) (defining class membership based on earliest charge filing date).

In their motion for class certification, the *Harris* named plaintiffs specified that this date was September 18, 2014. (Ex. 2 at 22.) As Union Pacific admits, Palmer's Fitness-For-Duty decision was confirmed on December 29, 2014. (ECF No. 7 at 3-4; Compl. ¶ 53.) This is an adverse employment action that squarely falls after September 18, 2014, and therefore his claims were tolled.

Finally, Union Pacific argues that the Court cannot consider Palmer's request in or around April 2016 to reconsider his work restrictions. (ECF No. 7 at 4.) This argument, once again, entirely ignores the undeniable fact that Palmer's removal in December 2014 falls squarely within

---

[4] As noted above and in his complaint, Palmer had 300 days from the date of the Eighth Circuit's order to file a charge of discrimination with the EEOC and the parties entered into an additional tolling agreement, extending the statute of limitations by sixty days. (Compl. ¶ 68.)

7

the class definition, and his claims were already tolled in April 2016. But even so, Union Pacific points to no Eighth Circuit precedent for this argument.[5] (*See id.*) In addition, a limitations period does not commence until "the plaintiff has a complete and present cause of action[,]" *Green v. Brennan*, 578 U.S. 547, 554, 136 S. Ct. 1769, 1776, 195 L. Ed. 2d 44 (2016), and the adverse employment action is "communicated to the employee[,]" *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005).

Here, Palmer alleges that he was on restricted leave, and while still employed, requested to return to work. (Compl. ¶¶ 45-64.) Further, Palmer alleges that he requested placement in positions that he was entitled to considering his seniority and the collective bargaining agreement. (*Id.* ¶¶ 52, 60-64.) The door to his return to the company, however, was not fully closed until the April 28, 2016, letter from Terry Owens informing him that his work restrictions could not be accommodated by the company, and he would not be permitted to return. (*See id.* ¶ 58.) As such, even if Palmer needed the later date for a timely claim, which he does not, it is properly considered for tolling purposes. *See Henderson*, 403 F. 3d at 1032.

## CONCLUSION

Pursuant to his Complaint, Palmer was a member of the *Harris* class. As such, his claims were tolled until the Eighth Circuit reversed class certification on March 24, 2020. Palmer thereafter had 360 days in which to file his charge of discrimination. Palmer timely filed his charge of discrimination just thirty-one days later, on April 24, 2020. As such, his claims are timely and Union Pacific's motion should be denied.

---

[5] The U.S. Supreme Court case cited by Union Pacific, *Delaware State Coll. v. Ricks*, deals with tenure denial, not employment, and thus is inapposite. 449 U.S. 250, 261 n.15, 101 S. Ct. 498, 506, 66 L. Ed. 2d 431 (1980) ("We do not suggest that aspirants for academic tenure should ignore available opportunities to request reconsideration.")

Date: July 24, 2023                                    **NICHOLS KASTER, PLLP**

                                                          s/Lucas J. Kaster
James H. Kaster* (MN # 53946)
    kaster@nka.com
Lucas J. Kaster* (MN # 396251)
    lkaster@nka.com
Jacob C. Harksen* (MN # 400097)
    jharksen@nka.com
80 South Eighth Street
4700 IDS Center
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

*Admitted in D. Neb.

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECiv.7.1(d) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word and contains 2,624 words.

Dated: July 24, 2023                                    s/Lucas J. Kaster
                                                                            Lucas J. Kaster

**CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

Dated: July 24, 2023                                    s/Lucas J. Kaster
                                                                            Lucas J. Kaster