IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT L. PALMER AND PHILLIP M. KELLY, AS CHAPTER 7 BANKRUPTCY TRUSTEE IN THE MATTER OF ROBERT L. PALMER AND TAMARA C. PALMER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | NO. 8:23-CV-0252<br><br><br><br>**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO RECONSIDER AND MOTION FOR LEAVE TO AMEND** |

Unhappy with the Court's ruling on Union Pacific Railroad Company's (Union Pacific's) Motion to Dismiss, Filing 12, and resulting judgment, Filing 13, plaintiffs Robert Palmer and his bankruptcy estate (collectively, Palmer) have filed a Motion to Reconsider and for Leave to Amend. Filing 14. For the reasons discussed below, the Court denies the Motion.

### I. Background

The Court laid out the factual background of this case in greater detail in the Court's order granting Union Pacific's Motion to Dismiss with prejudice. Filing 12. Briefly, Union Pacific has a policy that requires employees in certain circumstances to undergo "Fitness-for-Duty (FFD) Evaluations" which sometimes result in imposing work restrictions that the company cannot accommodate. Filing 12 at 3–4. Robert Palmer was a Union Pacific employee who was subject to an FFD evaluation due to an eye condition and subsequently removed from service. Filing 12 at 2. Palmer then allegedly joined a class action suit against Union Pacific for violations of the

1

Americans with Disability Act. Filing 12 at 4; *Harris v. Union Pac. R.R. Co.*, 953 F.3d 1030 (8th Cir. 2020). When seeking certification, the plaintiffs described the class as "[a]ll individuals who have been or will be subject to a fitness-for-duty examination as a result of a reportable health event at any time from September 18, 2014 until the final resolution of this action." Case No. 16-381, ECF No. 240 at 1. The class was certified in February 2019. *See Harris v. Union Pac. R.R. Co.*, 2020 WL 4504392, at *1 (D. Neb. Aug. 5, 2020); *Harris*, No. 16-381, ECF No. 307. The Eighth Circuit Court of Appeals reversed and decertified the class on March 24, 2020. *Harris*, 953 F.3d 1030. Palmer filed a charge of discrimination with the EEOC on April 24, 2020, and the EEOC issued a right-to-sue letter on June 5, 2023. Filing 1 at 14 (¶ 68).

Palmer filed a Complaint against Union Pacific with the Court on June 8, 2023. Filing 1. On June 15, 2023, Union Pacific filed its Motion to Dismiss. Filing 6. Union Pacific sought to dismiss the entirety of Palmer's Complaint as time-barred "because Palmer failed to file his administrative charge with the U.S. Equal Opportunity Commission within 300 days of the alleged discriminatory acts that give rise to his claim." Filing 6. The Court granted Union Pacific's Motion to Dismiss with prejudice and entered judgment on October 4, 2023. Filing 12; Filing 13. Palmer filed a Motion to Reconsider and for Leave to Amend on November 1, 2023. Filing 14

## II. ANALYSIS

### A. Motion to Reconsider

*1. The Parties' Arguments*

Palmer asks the Court to reconsider its dismissal with prejudice for two reasons. First, Palmer argues that "[i]n the absence of any 'persistent pleading failure' by Palmer, the dismissal

2

should have been without prejudice." Filing 15 at 7. Palmer explains, "the Court was mistaken in its determination that there was 'no way' for Palmer to amend his complaint to state a claim." Filing 15 at 7. Palmer also argues that the Court erred because,

> [I]n its initial brief supporting its motion to dismiss, Defendant conceded Palmer had alleged an adverse action on December 29, 2014, more than two months after the class period began to run on September 18, 2014. Palmer's response brief appropriately focused on how tolling applied to Palmer's December 29, 2014 adverse employment action, rather than on whether a claim accrued on that date; Defendant had already conceded that it had. Only in its reply brief did Defendant walk back its concession, arguing that Palmer's claims "accrued no later than February 2014." Courts are generally unwilling to consider arguments raised for the first time in a reply brief. And by doing so in this case, the Court denied Palmer the practical ability to respond to Defendant's statute of limitations argument or to seek, before dismissal, to amend his complaint. As such, the Court should grant Palmer's motion and reconsider its prior decision to dismiss the complaint with prejudice.

Filing 15 at 7–8 (citations omitted).

Union Pacific disputes both of Palmer's contentions. Union Pacific explains that "while Palmer claims his First Amended Complaint corrects the deficiencies in his initial Complaint, that claim is demonstrably false." Filing 23 at 2. Union Pacific also disagrees with Palmer's argument that the Court improperly considered an argument that Union Pacific did not make, explaining that "[i]n Union Pacific's initial brief in support of its motion to dismiss, Union Pacific explicitly argued that February 2014 'is the date of the alleged adverse action and the date on which the 300-day limitations period began.'" Filing 23 at 8. Union Pacific further explains that "[s]ubsequently, Union Pacific made an alternative argument that the Court clearly disagreed with and disregarded, as its discretion allows." Filing 23 at 8. Palmer replied, "Defendant's motion to dismiss did not put Palmer on notice of any potential pleading deficiency because Defendant's initial brief conceded

3

that Palmer may have suffered an adverse employment action within the *Harris* class period." Filing 24 at 3 n.1.

2. *Applicable Standards*

The Court recognizes that "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)).[1] Palmer brings his Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Filing 15 at 5–6. Federal Rule of Civil Procedure 59(e) applies only to motions to alter or amend a judgment, *see Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) ("Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." (emphasis in original)); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"), whereas Rule 60(b) applies to final judgments and non-final orders alike, *Kohlbeck*, 7 F.4th at 734 n.2 ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b) . . ." (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018))). Because the Court entered a final judgment, Filing 13, the Court will analyze the Motion to Reconsider under both Rules 59(e) and 60(b).

---

[1] Rule 60(b) has no time limit for a motion to reconsider a non-final order other than "within a reasonable time— and for reasons (1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)], and (3) [fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b). On the other hand, Rule 59(e) provides a specific deadline: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Palmer's motion here is timely under either rule.

Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Eighth Circuit "review[s] rulings on Rule 59(e) motions for abuse of discretion: District courts have broad discretion in determining whether to alter or amend judgment under Rule 59(e); we will not reverse absent a clear abuse of discretion." *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (cleaned up). The Eighth Circuit has further explained, "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotations and citations omitted).

Rule 60(b) provides,

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Eighth Circuit Court of Appeals has explained,

5

> Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). "We will reverse a district court's ruling on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002). Relevant here, "[a]n error of law is necessarily an abuse of discretion." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

*Williams*, 891 F.3d at 706; accord *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)).

Thus, "[i]n the civil context, our court has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or ... present[ing] newly discovered evidence.' " *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [pursuant to Rule 60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))). This limitation means that "[a] court of appeals 'will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration [pursuant to Rule 59(e) or Rule 60(b)] in the district court.' " *Brown v. Louisiana-Pac. Corp.*, 820 F.3d 339, 348 (8th Cir. 2016) (quoting *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014), cert. denied, 574 U.S. 1156 (2015)). Nor will a district court. *Arnold*, 627 F.3d at 721 (explaining that a motion for reconsideration pursuant to Rule 60(b) "is also not the appropriate place to 'tender

new legal theories for the first time' " (quoting *Hagerman*, 839 F.2d at 414)). Similarly, Rule 60(b) motions are not appropriate simply to reargue the merits of a claim or prior motion. *Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

Therefore, to meet the standard for reconsideration of the final judgment under both Rules 59(e) and 60(b), Palmer must show "manifest error." Because Palmer cannot do this, his Motion to Reconsider is denied.

### 3. Dismissal with Prejudice Was Not Manifest Error Because Amendment Would Be Futile

Palmer argues that his proposed amendment "cures the statute of limitations defect identified by the Court in its Order on Defendant's motion to dismiss." Filing 15 at 10. He explains,

> Specifically, the amendment makes clear that Palmer suffered two distinct adverse employment actions: The first in February 2014 and the second in December 2014. Each adverse employment action gives rise to its own claim, and the second claim accrued within the *Harris* class period. As such, Palmer's December 2014 claim was immediately tolled, and it remained tolled until the Eighth Circuit decertified the *Harris* class. That claim is timely.

Filing 15 at 10. Palmer refers to the alleged adverse employment event in December 2014 as the "Second FFD." Palmer argues this "Second FFD" constituted an "adverse employment event" because it "resulted in the material disadvantage of preventing him from ever exercising his right under his collective bargaining agreement to return to work. Specifically, Palmer alleges that the

7

collective bargaining agreement between his labor union and Defendant allows him to 'return to his job, if he is ever medically cleared to return by [Defendant's Health and Medical Services department].'" Filing 15 at 12 (alterations in original). The Court disagrees this "Second FFD" constituted an adverse employment event.

"It is well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021) (citing *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009)). Palmer's amendment would be futile. As discussed in the original order granting Union Pacific's Motion to Dismiss, the "tangible change in working conditions that produces a material employment disadvantage" was the imposition of the permanent work restrictions and refusal to accommodate those restrictions. Filing 12 at 10 (citing *Charleston v. McCarthy*, 926 F.3d 982, 989 (8th Cir. 2019)). The alleged deprivation of Palmers' purported "right under his collective bargaining agreement to return to work" as a result of Palmer's "Second FFD" did not constitute a material change in working conditions. Filing 15 at 12. The fact is, Palmer was not allowed to work before and after this alleged Second FFD, meaning no "tangible change in working conditions [ ] produced a material employment disadvantage." *Charleston*, 926 F.3d at 982. In other words, Palmer's "working conditions"—that is, not working—did not change as a result of the alleged Second FFD. Therefore, the Court did not make a "manifest error" when it dismissed the Complaint with prejudice, since Palmer's claim accrued in February 2014 rather than December 2014, and no amendment could change that outcome. *Knowles*, 2 F.4th at 758.

> *4. Considering Union Pacific's Argument that Palmer's Claim Accrued in February 2014 Was Not Manifest Error*

The Court also disagrees with Palmer's argument that Union Pacific "conceded Palmer had alleged an adverse action on December 29, 2014." Filing 15 at 7. Union Pacific argued in its Brief in Support of the Motion to Dismiss,

> Palmer alleges that Union Pacific discriminated against him under the ADA by withholding him from his job. He alleges Union Pacific imposed work restrictions in February 2014 that disqualified him from continuing to work in his job. That is the date of the alleged adverse action and the date on which the 300-day limitations period began. However, reading the Complaint in a light most favorable to Palmer, the latest possible date that the limitations period could have begun is December 29, 2014—the date on which Palmer alleges that Union Pacific's Chief Medical Officer, Dr. Holland "confirmed" Palmer's permanent work restrictions in a memorandum and "stated he would not consider any additional information from Palmer's treating physician."

Filing 7 at 3–4. Thus, Union Pacific argued that the alleged adverse action date was in February 2014, while stating it was merely "possible" "that the limitations period could have begun [on] December 29, 2014." Filing 7 at 3. While true that Union Pacific walked back this latter statement in its Reply Brief, Filing 11 at 1 ("Defendant erred in its opening brief in analyzing how tolling from the *Harris* class action might apply"), this does not mean that Union Pacific failed to argue in its opening brief that "the date of the alleged adverse action and the date on which the 300-day limitations period began" was "in February 2014." Filing 7 at 3. Union Pacific argued exactly that. Filing 7 at 3 (stating that "February 2014 . . . is the date of the alleged adverse action and the date on which the 300-day limitations period began"). Accordingly, Palmer had been "put on notice of any potential pleading deficiency" by Union Pacific's brief in support of dismissal. Therefore, because the Court did not make any manifest error in considering Union Pacific's argument that Palmer's claim accrued in February 2014, Palmer's Motion to Reconsider is denied.

9

### B. Motion for Leave to Amend

Palmer argues that the Court should grant him leave to amend his Complaint because "[t]here has been no undue delay, bad faith, dilatory motive, previous amendment, or undue prejudice" and his "proposed amendment is not futile." Filing 10 at 8–10. The Court rejects Palmer's argument because, as discussed above, his proposed amendment is futile. Therefore, the Court denies Palmer's Motion for Leave to Amend.

### III. CONCLUSION

For these reasons, the Court declines to reconsider its prior ruling on Union Pacific's Motion to Dismiss, Filing 12, and the judgment entered in this case, Filing 13. Moreover, allowing Palmer to amend the Complaint would be futile. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Reconsider and for Leave to Amend, Filing 14, is denied.

Dated this 3rd day of January, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge